**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4387**

---

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

GARY EUGENE BUNCHE,

                              Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, Chief District Judge.  (CR-03-233-BO)

---

Submitted:  October 19, 2005        Decided:  November 22, 2005

---

Before WILLIAMS, MOTZ, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Gary Eugene Bunche appeals his jury conviction of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924 (2000) and resulting sentence as an armed career criminal to 210 months in prison followed by five years of supervised release. We find no reversible error and affirm Bunche's conviction and sentence.

Bunche first contends the district court committed reversible error by permitting the Government to question a defense witness in cross examination as to her knowledge of the facts associated with Bunche's 1999 felony conviction for possessing a weapon. Although Bunche stipulated he had been convicted in 1999 of a felony offense punishable by imprisonment for a term exceeding one year, and that the firearm found by police after they observed Bunche throwing an object while running away from them had traveled in interstate commerce, he pled not guilty to possessing the weapon. The district court found the witness' testimony regarding Bunche's living arrangements, activities, and demeanor during the weekend prior to his arrest was character evidence and allowed the Government to rebut the testimony by inquiry on cross examination pursuant to Fed. R. Evid. 404(a)(1).

"A district court's evidentiary rulings are entitled to substantial deference and will not be reversed absent a clear abuse of discretion." United States v. Moore, 27 F.3d 969, 974 (4th Cir.

1994).  "We will find that discretion to have been abused only when the district court acted 'arbitrarily or irrationally.'"  Id. (quoting United States v. Ham, 998 F.2d 1247, 1252 (4th Cir. 1993)).  "Evidence of a defendant's character, while not generally admissible, may be offered by the government to rebut the character evidence introduced by the accused."  Id. at 974 (citing Fed. R. Evid. 404(a)(1)).  When a defendant "opens the door" by soliciting favorable opinions about his character, the district court may properly allow the government to rebut the offered testimony by inquiry on cross examination into relevant instances of conduct. Id. (citing Fed. R. Evid. 405(a)).

Any error "that does not affect substantial rights must be disregarded."  Fed. R. Crim. P. 52(a); see also Fed. R. Evid. 103(a).  Nonconstitutional error is harmless when the court "can say 'with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error.'"  United States v. Nyman, 649 F.2d 208, 211-12 (4th Cir. 1980) (quoting Kotteakos v. United States, 328 U.S. 750, 765 (1946)).  Where the trial judge has given a limiting instruction on the use of evidence, the fear that the jury may improperly use the evidence subsides.  United States v. Queen, 132 F.3d 991, 997 (4th Cir. 1997).

We conclude that any possible error was harmless.  With Bunche's concurrence, the district court gave a limiting

- 3 -

instruction to the jury that the Government's questions were not substantive evidence, and the Government presented no other evidence or argument regarding the prior conviction.

Bunche next contends the district court engaged in unconstitutional fact finding by sentencing him as an armed career criminal. However, he does not dispute that he has at least three prior convictions qualifying as "violent felonies" and that they were "committed on occasions different from one another."* See 18 U.S.C. § 924(e) (2000). Because the facts necessary to support both the fifteen-year statutory minimum prison sentence under 18 U.S.C. § 924(e) and the enhancement under U.S. Sentencing Guidelines Manual § 4B1.4(b)(3)(B) (2003) "inhere in the fact of conviction," there is no error. See United States v. Thompson, 421 F.3d 278, 283, 287 & n.5 (4th Cir. 2005).

Accordingly, we affirm Bunche's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

*Bunche was previously convicted of seven counts of robbery with a dangerous weapon and three counts of second degree kidnapping committed on six different occasions.

- 4 -